# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRADLEY A. WOOTEN,

            Plaintiff,

v.

ANGELO PANOS, JESSICA BOHN, JULIE LUDWIG, KWON YANG, and MARISSA SHIER,

            Defendants.

Case No. 20-CV-478-JPS

**ORDER**

    Plaintiff Bradley A. Wooten, an inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging that Defendants violated his rights under federal and state law. (Docket #1). Plaintiff has also filed two motions to amend his complaint. (Docket #7, #9). This order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his most recent amended complaint.[1]

## 1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

    The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing

---

[1] Since filing his original complaint, Plaintiff has twice sought leave to amend. (Docket #7, #9). The Court will grant his latest motion (Docket #9), and his second proposed amended complaint (Docket #9-1) shall be the operative pleading in this matter. Plaintiff's first motion to amend his complaint (Docket #7) will be denied as moot.

fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On June 4, 2020, the Court ordered Plaintiff to pay an initial partial filing fee of $44.82. (Docket #8). Plaintiff paid that fee on June 18, 2020. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. (Docket #2). He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## 2.2 Plaintiff's Allegations

Plaintiff alleges that while he was incarcerated at Kettle Moraine Correctional Institution ("KMCI"), Defendants were deliberately indifferent to his serious medical condition in violation of the Eighth Amendment.[2] (Docket #9-1). Defendants Angelo Panos ("Panos") and Kwon Yang ("Yang") were dentists at KMCI, and Defendants Jessica Bohn ("Bohn") and Marissa Shier ("Shier") were dental assistants there (collectively, "Dental Staff Defendants"). (*Id.* at 3). Defendant Julie Ludwig ("Ludwig") was the Health Services Unit ("HSU") manager at KMCI. (*Id.*) Plaintiff grinds his teeth at night and was unable to obtain a night guard to wear in KMCI. (*Id.* at 5). Plaintiff's teeth grinding caused him dental problems. (*Id.*)

---

[2] Plaintiff also alleges that Defendants were negligent under Wisconsin state law.

On December 4, 2019, Plaintiff submitted a Dental Service Request ("DSR") that stated that he had a broken and cracked molar, was in pain, and needed help. (*Id.*) Panos, Yang, Bohn, and Shier were responsible for replying to DSRs. (*Id.*) On December 5, 2019, the dental office responded to Plaintiff by stating he had been added to the routine wait list, without including the approximate wait time. (*Id.*) Plaintiff asked the dental office how long the wait would be, and they told him approximately eight months. (*Id.*) On December 11, 2019, Plaintiff submitted two DSRs stating that he could not wait eight months because he was in constant intense pain, was unable to chew, and was having difficulty eating. (*Id.*) The same day, Plaintiff also wrote to Ludwig asking her to help him get treatment sooner. (*Id.* at 6). Ludwig responded, telling Plaintiff that he was being "triaged based on priority and need." (*Id.*) On December 17, 2019, the dental office responded to Plaintiff's December 11, 2019 DSRs, stating that he was on the wait list and should be patient. (*Id.*)

Over a month later, on January 22, 2020, Plaintiff suffered from another cracked and broken molar on the opposite side of his mouth. (*Id.*) Plaintiff was in severe pain and submitted another DSR to obtain dental care. (*Id.*) Plaintiff regularly skipped meals because the food was too hard to eat given his extreme oral pain. (*Id.*) On January 25, 2020, Plaintiff's second broken molar cracked further apart, exposing the nerve. (*Id.*) Plaintiff filed several more DSRs explaining his worsening situation and asking for dental care. (*Id.*) From December 4, 2019 to February 25, 2020, the Dental Staff Defendants did not physically examine or interact with Plaintiff to determine the severity of his condition. (*Id.* at 7).

Finally, on February 26, 2020, eighty-four days after Plaintiff's first DSR, Plaintiff was called to the dental office. (*Id.*) Panos and Bohn looked

at one of Plaintiff's cracked molars and took an x-ray. (*Id.*) After the examination, Panos informed Plaintiff that he needed "a root canal and crown, but we don't do those in prison. Your only option is extraction." (*Id.*) Additionally, Panos found an infection under the first cracked molar and gave Plaintiff antibiotics to resolve the infection before the tooth could be extracted. (*Id.*) Plaintiff asked Panos and Bohn about his second cracked molar and requested that they look at it. (*Id.*) Panos and Bohn refused because "it's not the problem tooth." (*Id.*) Bohn told Plaintiff that he would have to submit another DSR to have his other molar examined, but he would have to wait to submit the DSR until after they pulled his first molar. (*Id.*)

On March 4, 2020, Plaintiff had his first molar extracted. (*Id.* at 5). Panos stated that the procedure normally takes two minutes. (*Id.*) However, for Plaintiff, the procedure took eighty-four (84) minutes. (*Id.*) Plaintiff alleges that had he been seen sooner by the Dental Staff Defendants, the first molar may have been saved instead of extracted. (*Id.* at 8).

After the extraction, Plaintiff submitted an eighth DSR to seek urgent attention for his second cracked molar. (*Id.* at 7). As of the filing of the complaint, Plaintiff had not been seen, nor had his second molar been treated or extracted. (*Id.* at 8). Plaintiff remains in great pain, causing him difficulty in eating, sleeping, drinking, and breathing. (*Id.*)

### 2.3 Analysis

#### 2.3.1 Eighth Amendment

The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quotation omitted). To sustain this claim, Plaintiff must

show: (1) an objectively serious medical condition; (2) that Defendants knew of the condition and were deliberately indifferent in treating it; and (3) this indifference caused him some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). The deliberate indifference inquiry has two components: the official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk. *Id.* Negligence cannot support a claim of deliberate indifference, nor is medical malpractice a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). To show that a delay in providing treatment is actionable under the Eighth Amendment, Plaintiff must also provide evidence that the delay exacerbated his injury or unnecessarily prolonged his pain. *Petties v. Carter*, 836 F.3d 722, 730–31 (7th Cir. 2016).

      The Court finds that Plaintiff's allegations state a claim for deliberate indifference to a serious medical condition in violation of the Eighth Amendment. First, Plaintiff has sufficiently alleged a serious medical condition in that he had two cracked molars with exposed nerves. *See McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)(delays in referring inmate to dentist, oral surgeon, and ENT specialist over the course of several months while inmate continued to suffer significant pain and his condition deteriorated was sufficient to state a claim of deliberate indifference); *Berry v. Peterman*, 604 F.3d 435, 442 (7th Cir. 2010) (one-month delay in referring inmate to dentist created issue of material fact about prison doctor's deliberate indifference); *Bd. v. Farnham*, 394 F.3d 469, 480

(7th Cir. 2005) ("dental pain accompanied by various degrees of attenuated medical harm may constitute an objectively serious medical need").

Second, Plaintiff adequately alleged that the Dental Staff Defendants knew about his medical issue and did little about it. The Dental Staff Defendants did not see Plaintiff for eighty-four days after he made a DSR request informing them that he had a cracked molar, and they refused to look at and diagnose the second molar while treating his first one. Although Yang and Shier were not involved with the dental care Plaintiff received on February 26, 2020 or March 4, 2020, they were both responsible for responding to DSRs and had responded to Plaintiff's DSRs. At the screening stage, Plaintiff has stated enough facts to support a finding that Yang and Shier knew about Plaintiff's serious medical needs and did nothing about them. Thus, Plaintiff's allegations sufficiently state a claim against the Dental Staff Defendants for deliberate indifference of a serious medical condition in violation of the Eighth Amendment.

The claims against Ludwig are slightly less clear. Individual liability under § 1983 "requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (quoting *Minix v. Canarecci*, 597 F.3d 823, 833 (7th Cir. 2010)). As Ludwig was the manager at HSU, she was presumably the supervisor of the Dental Staff Defendants. To be liable under § 1983, a supervisory defendant "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). At the screening stage, the Court finds that Plaintiff has sufficiently alleged that Ludwig was made aware of the situation by his letter and she turned a blind eye. Thus, Plaintiff has stated a claim against Ludwig for deliberate indifference in violation of the Eighth Amendment.

### 2.3.2 Negligence

Additionally, Plaintiff seeks to proceed on a negligence claim. To sustain a claim for medical malpractice, as with all negligence claims, Plaintiff must allege "(1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages." *Paul v. Skemp*, 625 N.W.2d 860, 865 (Wis. 2001). "In short, a claim for medical malpractice requires a negligent act or omission that causes an injury." *Id.* The Court may exercise supplemental jurisdiction over any negligence claims that are related to the federal constitutional violations. 28 U.S.C. § 1367. Here, Plaintiff's negligence claim arises from the same conduct that his Eighth Amendment violation does. Thus, for the reasons previously stated, (*see* Section 2.3.1, *supra*), Plaintiff has sufficiently alleged a claim of negligence against all Defendants.

### 3. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment, against all Defendants; and

**Claim Two:** Negligence, pursuant to Wisconsin state law, against all Defendants.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's first motion to file an amended complaint (Docket #7) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's second motion to file an amended complaint (Docket #9) be and the same is hereby **GRANTED**;

Plaintiff's amended complaint (Docket #9-1) shall be the operative pleading in this action;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the amended complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants Angelo Panos, Jessica Bohn, Julie Ludwig, Kwon Yang, and Marissa Shier;

**IT IS FURTHER ORDERED** that under the informal service agreement, those defendants shall file a responsive pleading to the amended complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $305.18 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common

Questions" and "Answers to Pro Se Litigants' Common Questions," along with this order; and

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 23rd day of November, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge